# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **LYNN MAY,** | ) |
| **Plaintiff,** | ) |
| | ) C.A. No.: |
| v. | ) |
| | ) **TRIAL BY JURY OF** |
| **MOUNTAIRE FARMS OF, DELAWARE, INC.,** | ) **TWELVE DEMANDED** |
| **Defendant.** | ) |

## COMPLAINT

### I. INTRODUCTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to plaintiff by the Family Medical Leave Act of 1993 (hereinafter "FMLA"), 29 *U.S.C.* §§ 2601 et seq.

### II. JURISDICTION

2. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. Under the FMLA, this Court has jurisdiction over the controversy based upon the provisions of 42 *U.S.C.* § 2000e-5(f)(3) and 28 *U.S.C.* §§ 1331 and 1334.

### III.  VENUE

3. The unlawful employment practices alleged herein were committed with the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware pursuant to 42 *U.S.C.* § 1339(b).

### IV.  THE PARTIES

4. Plaintiff Lynn May (hereinafter "Plaintiff" or "May") was at all times relevant hereto, a resident of the State of Delaware, County of Sussex, and an employee of Defendant Mountaire Farms of Delaware, Inc. (hereinafter "Mountaire") until his termination on October 11, 2019.

5. Upon information and belief, Defendant Mountaire Farms of Delaware, Inc. is a wholly owned subsidiary of Mountaire Corporation. Upon information and belief, Mountaire Farms of Delaware, Inc. is a corporation organized pursuant to the General Corporation Law of Delaware with its principal place of business located in the Town of Millsboro, County of Sussex, State of Delaware. It's registered agent may be served with process at P.O. Box 1320, Millsboro, DE 19966.

### FACTS

6. May was hired by Mountaire on May 15, 2017 as a supervisor in the black label leg to ensure that employees properly cut leg meat to meet company standards and to ensure safety standards were met.

7. May's annual salary was approximately $57,245.00.

8. Pursuant to Mountaire's policies and procedures, May requested vacation in March or April of 2019 via email.

9. May did not receive a reply email denying the vacation request.

10. Upon May's return from Vacation, May was terminated for three days, no call/no show.

11. On December 28, 2018, May suffered a stroke and took three and a half weeks of approved FMLA leave.

12. Rather than credit those days as approved FMLA leave, Mountaire credited these as vacation days.

13. In addition May's prior vacation was already approved by his supervisors.

14. May was suspended on October 8, 2019 and then subsequently terminated on October 11, 2019.

15. The FMLA entitles covered employees to take up to 12 weeks of unpaid, job-protected leave per year for specified family and medical reasons.

16. Mon March 14, 2019, the Department of Labor (hereinafter "DOL") issued an opinion letter stating that the FMLA prohibits employees from exhausting some or all of their paid leave (i.e. vacation, PTO, sick days, etc.) prior to using their FMLA when the leave is FMLA qualifying.

17. The moment that an employee's absence qualifies for FMLA leave, the employer must start the clock on the employee's allocated 12 weeks under the FMLA.

18. The federal FMLA provides for "guarantees" that Mountaire cannot discriminate against Plaintiff for taking medical leave.

19. Mountaire terminated May because of his medical leave.

20. Under the FMLA, when an employer deprives an employee of his substantive "guarantee" that he will be reinstated to the same or comparable position – commonly referred to as an "entitlement" claim – the employer is "strictly liable" for violating the FMLA.  The employer's intent is irrelevant.

21. Mountaire knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA.

22. Mountaire's conduct was a willful violation of the FMLA.

23. Mountaire cannot overcome the burden of demonstrating that May's termination was not related to his FMLA leave.

## COUNT I
## FMLA Discrimination

24. May incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 23.

25. May took medical leave and was a member of a protected class pursuant to the FMLA.

26. Plaintiff was terminated as a result of his taking medical leave following his stroke.

27. Mountaire cannot overcome the burden of demonstrating that May's termination was not related to his FMLA leave.

28. As a direct and proximate result of Defendant's unlawful discrimination, in the nature of discrimination and retaliation by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestations of anxiety, lost wages, and lost benefits.

## COUNT II
## FMLA Retaliation

29. Paragraphs 1 through 28 are hereby realleged and incorporated herein by reference as if fully set forth herein.

30. May took or requested FMLA leave Following his December 28 2018 stroke.

31. On October 8, 2019, May suffered an adverse employment action when he was suspended for three days and then subsequently terminated on October 11, 2019.

32. The adverse employment decision was causally related to his FMLA leave since it occurred shortly after his FMLA leave subsequent return to work.

33. May is entitled to economic damages (including lost wages and benefits), liquidated damages, and interest.

34. In addition, May is entitled to attorney's fees, expert witness fees, and other costs pursuant to 29 *U.S.C.* §2617(a)(3); 29 *C.F.R.* § 400(c).

### COUNT III
### Breach of Covenant of Good Faith and Fair Dealing

35. Paragraphs 1 through 34 are hereby realleged and incorporated herein by reference as if fully set forth herein.

36. Mountaire owed to May a covenant of good faith and fair dealing with respect to his employment.

37. By its actions, as described in this complaint, Defendant has breached the covenant of good faith and fair dealing implied under Delaware law when it terminated May for false or fraudulent reasons.

38. Defendant's actions in breaching the implied covenant of good faith and fair dealing were willful and/or wanton.

39. As a direct result of the wrongful conduct of Mountaire, May has suffered damages including, but not limited to severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

**WHEREFORE,** Plaintiff, Lynn May requests that judgment be entered in his favor and that he be awarded compensatory damages, attorney's fees, costs, and such other relief as may be just and equitable.

                         **THE POLIQUIN FIRM LLC**

                         */s/ Ronald G. Poliquin, Esquire*
                         Ronald G. Poliquin, Esquire
                         DE I.D. No.: 4447
                         1475 S. Governors Avenue
                         Dover, DE 19904
                         (302) 702-5501
                         Attorney for Plaintiff

Dated: December 23, 2020

Dated: December 23, 2020